```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SALAHUDDIN F. SMART, | 1:18-cv-17049-NLH-KMW |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| TIMOTHY DALTON, ESQ., OFFICE OF THE PUBLIC DEFENDER CAMDEN REGION; STATE OF NEW JERSEY, and CAMDEN COUNTY PROSECUTOR'S OFFICE, | |
| Defendants. | |

**APPEARANCE**:

Salahuddin F. Smart, No. 4351950
Camden County Department of Corrections
330 Federal Street
P.O. Box 90431
Camden, NJ 08101
    Plaintiff pro se

**HILLMAN**, District Judge

    WHEREAS, Plaintiff Salahuddin F. Smart, who is proceeding pro se and a pretrial detainee presently housed at the Camden County Department of Corrections in Camden, New Jersey, filed a Verified Complaint pursuant to 42 U.S.C. § 1983, also styled as an "Emergency Injunction for Relief," see ECF No. 1 at 1, to enjoin a New Jersey state criminal proceeding;[1] and

---

[1] The Court has jurisdiction over this action pursuant 28 U.S.C. § 1331 as the Complaint raises issues of federal law.

WHEREAS, when Petitioner filed his Verified Complaint, he sought to proceed in forma pauperis without prepayment of fees, ECF No. 1-1; and

WHEREAS, upon an initial review of the IFP application, it appears that it is missing the certification required by 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . in a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."); and

WHEREAS, the Court will, in the interest of justice, dispense with the review of Plaintiff's IFP application in light of his request for emergency injunctive relief for the limited purpose of assessing that request;[2] and

WHEREAS, the Court will liberally construe in light of Plaintiff's pro se status the Verified Complaint, on which he writes in the caption, "Emergency Injunctive Relief," as a separate motion for an ex parte temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b)(1), which

---

[2] The Court will address the sufficiency of Plaintiff's IFP application and whether this matter may proceed on a later date.

provides, "The court may issue a temporary restraining order without written or oral notice to the adverse party . . . ."; and

WHEREAS, Plaintiff seeks a TRO because the state prosecuting attorney for Camden County must "be stopped" from pursuing the presently pending criminal action[3] against him via a grand jury proceeding and presentation scheduled for tomorrow, December 12, 2018, see ECF No. 1 at 6-7; and

WHEREAS, it also appears that Plaintiff is challenging his attorney's waiver of a probable cause hearing prior to the presentment of the indictment, for which Plaintiff demands a probable cause hearing to challenge the probable cause of his arrest, see id. at 7; and

WHEREAS, Plaintiff also references the denial of a pro se hearing, for which, combined with the lack of a probable cause hearing, has denied Plaintiff his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution, see id.; and

WHEREAS, Plaintiff also requests as relief that this Court determine his pro se status "for purposes of pre-trial motions and hearings," presumably in his state court criminal

---

[3] In Plaintiff's Motion, Plaintiff references the pending criminal action as State v. Salahuddi Smart, with a case number of W-2018-000155-0431 in the Superior Court of New Jersey. The handwritten numbers were difficult to discern and may be incorrect.

proceeding, id. at 7-8; and

WHEREAS, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. An action pursuant to 42 U.S.C. § 1983, however, has been construed to authorize such federal action. See Mitchum v. Foster, 407 U.S. 225, 242-43 (1972) (finding that "under the criteria established in our previous decisions construing the anti-injunction statute, § 1983 is an Act of Congress that falls within the 'expressly authorized' exception to that law."). Although a court may issue an injunction in such circumstances, "the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding" apply, id. at 243; and

WHEREAS, the Court must deny Plaintiff's request for a TRO for the following reasons:

(1) The Rooker-Feldman doctrine states that "a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court," Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000), and, therefore, only state appellate courts or the U.S. Supreme Court can review the decisions of state courts for constitutional error, Port

Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 177 (3d Cir. 1992). Here, the Court should abstain pursuant to Rooker-Feldman because Plaintiff's requested injunctive relief — an order from this Court ordering the Superior Court of New Jersey to hold a probable cause hearing and a finding from this Court to determine Plaintiff's pro se status — are, based on the allegations of the Verified Complaint, at their essence adverse state court decisions that are best subject to a state court appeal; and

(2) Abstention under the Younger doctrine also is appropriate. See Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine states that federal courts abstain when (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state judicial proceeding to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Lui v. Comm'n on Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004); Port Auth. Police Benevolent Ass'n, Inc., 973 F.2d at 173. Here, the Court should abstain pursuant to Younger because there is a pending criminal proceeding against Plaintiff, for which the state retains the important interests in ensuring the proper and fair prosecution and also in

5

correcting any constitutional infirmities, if any, and, Plaintiff has an adequate opportunity to raise or remedy any constitutional challenges during the criminal proceeding or on appeal; and

(3) Even if the Court were inclined to grant injunctive relief, Younger would set a high bar for demonstrating irreparable injury in that the alleged injury must be greater than those injuries incidental to normal criminal proceedings and that there must be either bad faith, police harassment, or a prosecution without any hope of prevailing, or that the relevant statute must be unconstitutional. 401 U.S. at 46–48, 53–54. In this case, Plaintiff asserts no allegations to support bad faith, police harassment, or a prosecution without any hope of prevailing. Plaintiff makes no allegation of *irreparable* harm in that he will never have an opportunity to have a pro se hearing or remedy any probable cause issues;[4]

---

[4] Because Plaintiff has not demonstrated irreparable harm, the Court would also deny Plaintiff's request for emergency relief under the traditional injunctive relief standard. See Reilly v. City of Harrisburg, 858 F.3d 173, 176, 179 (3d Cir. 2017) ("A movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.")

THEREFORE,

IT IS on this __11th__ day of December, 2018

ORDERED that Petitioner's Verified Complaint, construed for the purpose of this Memorandum Opinion and Order as a Motion for Temporary Restraining Order, ECF No. 1, IS DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular first-class mail.

At Camden, New Jersey        s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.